1

2

3

4

5

6

7

8

# UNITED  STATES  DISTRICT  COURT

## EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

| | | |
|---|---|---|
| ANTHONY K. HORN, | ) | 1:09-cv-01430-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| v. | ) | OF HABEAS CORPUS (DOC. 1) |
| | ) | |
| JAMES A. YATES, | ) | ORDER DIRECTING THE CLERK TO |
| | ) | ENTER JUDGMENT IN FAVOR OF |
| Respondent. | ) | RESPONDENT |
| | ) | |
| _____ | ) | ORDER DECLINING TO ISSUE A |
| | | CERTIFICATE OF APPEALABILITY |

17      Plaintiff is a state prisoner proceeding pro se and in forma

18 pauperis with a petition for writ of habeas corpus pursuant to 28

19 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties

20 have consented to the jurisdiction of the United States

21 Magistrate Judge to conduct all further proceedings in the case,

22 including the entry of final judgment, by manifesting their

23 consent in writings signed by the parties or their

24 representatives and filed by Petitioner on September 2, 2009, and

25 on behalf of Respondent on October 5, 2009.

26      I. Procedural Summary

27      Plaintiff is in the custody of the California Department of

28 Corrections pursuant to a judgment of the Superior Court of

1

California, County of Kings, of conviction following jury trial of transporting a controlled substance (cocaine base) (Cal. Health & Saf. Code § 11352(a)); possession of a controlled substance (cocaine base) (Cal. Health & Saf. Code § 11350(a)); and four misdemeanors, including evasion of a peace officer (Cal. Veh. Code § 2800.1(a)), possession of paraphernalia used for smoking a controlled substance (Cal. Health & Saf. Code § 11364), driving with a suspended license (Cal. Veh. Code § 14601.1(a)), and driving without a valid license (Cal. Veh. Code § 12500(a)). (LD CT 74-75.)[1] Plaintiff had admitted that he had suffered two prior felony convictions of first degree burglary and assault (Cal. Pen. Code §§ 1170.12, 667, 459, 245(a)(2)). (LD CT 74.) On February 21, 2008, Plaintiff was sentenced to twenty-five years to life in prison. (LD CT 157.)

Petitioner timely appealed to the California Court of Appeal, Fifth Appellate District, where on January 6, 2009, the judgment was affirmed. (LD 4, op. p. 6.) Petitioner filed a petition for writ of habeas corpus in the Supreme on February 23, 2009 (LD 12, pet. p. 1), which was denied on July 15, 2009, in a single sentence unaccompanied by any explanation. (LD 13, dock. p. 1).

Plaintiff filed the petition before the Court on August 14, 2009. Respondent filed an answer on November 6, 2009, admitting that the petition was timely and the claim appeared to be exhausted. Petitioner filed a traverse on December 18, 2009.

---

[1] "LD" refers to the documents lodged by Respondent with his answer. "CT" and "RT" refer to the clerk's and reporter's transcripts lodged by Respondent, each of which is consecutively paginated; otherwise, the documents lodged by Respondent have been lodged as separate documents without consecutive pagination.

1    II. <u>Jurisdiction</u>

2        Because the petition was filed after April 24, 1996, the
3    effective date of the Antiterrorism and Effective Death Penalty
4    Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh</u>
5    <u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008
6    (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

7        A district court may entertain a petition for a writ of
8    habeas corpus by a person in custody pursuant to the judgment of
9    a state court on the ground that the custody is in violation of
10   the Constitution, laws, or treaties of the United States. 28
11   U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
12   375 n. 7 (2000).

13       Plaintiff's sole claim is that he suffered a violation of
14   his Sixth and Fourteenth Amendment rights to the effective
15   assistance of counsel because his trial counsel failed to object
16   to evidence that at the time of the offenses in question,
17   Petitioner was wanted by law enforcement for an unrelated offense
18   and had previously served time in jail. Plaintiff seeks reversal
19   of his convictions of the felonies of transportation and
20   possession of cocaine base as well as the misdemeanor of
21   possessing paraphernalia. Thus, a violation of the Constitution
22   is alleged.

23       Further, the conviction challenged arises out of the Kings
24   County Superior Court, which is located within the jurisdiction
25   of this Court. 28 U.S.C. §§ 2254(a), 2241(a), (d).

26       Accordingly, this Court has jurisdiction over this action.
27   ///////
28   /////////

1    III. <u>Facts</u>[2]

2    Hanford Police Officer Cory Mathews testified that on May 3,
3    2007, at approximately 4:00 p.m., he received a dispatch
4    regarding a "wanted" subject. Mathews saw a Ford Expedition and
5    driver matching the description of the vehicle and driver
6    described in the dispatch, so Matthews made a U-turn. Mathews
7    followed the Expedition and activated his overhead lights,
8    alternating headlights, and siren, but the Expedition continued
9    traveling for approximately one-half mile before parking in a
10   driveway.

11   Mathews got out of his patrol car and ordered the driver,
12   Horn, out of the car. Horn got out and was taken to Mathews's
13   patrol car where he was handcuffed and placed in the back seat.
14   Mathews ordered the passenger, Nelson Lewis, out of the
15   Expedition and took him into custody for officer safety reasons.

16   Mathews spoke with Horn and asked him why he did not stop.
17   Horn replied that he got scared and drove to his father's house
18   because the Expedition belonged to his girlfriend and he did not
19   want it to be towed. While Mathews spoke with Horn, Officer Dale
20   Williams gave Mathews a plastic baggie containing .11 grams of
21   cocaine base that Williams found in the passenger's cup holder
22   that was molded into the Expedition's center console. Mathews
23   looked in the car and found a crack pipe in the same location.
24   When Mathews asked Horn about the cocaine base and pipe found in
25   the Expedition, he admitted they belonged to him. Horn also

26   _____

27       [2] The factual summary is taken from the second and third pages of the
     opinion of the California Court of Appeal, Fifth Appellate District, filed
28   January 6, 2009, in case number F054886. <u>See</u>, <u>Galvan v. Alaska Dep't. of
     Corrections</u>, 397 F.3d 1198, 1199 n. 1 (9th Cir. 2005).

4

1   stated that he was wanted by the police and did not want to go
2   back to jail. A urine sample provided by Horn tested positive for
3   cocaine.

4        Officer Stefanie Reese searched Lewis and found a crack pipe
5   on him.

6                            **The Defense Case**

7        Lewis testified he was Horn's uncle. According to Lewis,
8   after Horn stopped the car in the driveway, the police did not
9   take him or Horn out of the car. Instead, Horn got out and walked
10  up to the front door of his father's residence. Lewis got out
11  of the car and was immediately told by the officers to put his
12  hands up. However, before getting out, Lewis put the cocaine base
13  and one of two glass pipes he had that day in one of the cup
14  holders in the center console. Lewis wanted to report to the
15  police that the cocaine and pipe found in the console belonged to
16  him, but he never did. Lewis was impeached with four convictions
17  for resisting arrest.

18       Officer Mathews testified in rebuttal that Horn did not exit
19  the car until Mathews ordered him out at gun point.
20  (Opn. at 2-3.)

21       IV. <u>Legal Standards Governing Habeas Corpus</u>

22       Title 28 U.S.C. § 2254(d) provides:

23       An application for a writ of habeas corpus on
         behalf of a person in custody pursuant to the
24       judgment of a State court shall not be granted
         with respect to any claim that was adjudicated
25       on the merits in State court proceedings unless
         the adjudication of the claim–
26
27       (1) resulted in a decision that was contrary to,
         or involved an unreasonable application of, clearly
         established Federal law, as determined by the
28       Supreme Court of the United States; or

                                    5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

It is the petitioner's burden to show that the decision was contrary to, or involved an unreasonable application of, clearly established federal law. <u>Price v. Vincent</u>, 538 U.S. 634, 641 (2003); <u>Baylor v.Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996).

This Court must first decide what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States" within the meaning of § 2254(d)(1). <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003). The term refers to the holdings, as distinct from dicta, of decisions of the Supreme Court as of the time of the relevant state court's decision. <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000). It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72.

A decision is contrary to clearly established federal law if it is substantially different from the relevant precedent of the Supreme Court; the term "contrary to" is commonly understood to mean "diametrically different," "opposite in character or nature," or "mutually opposed." <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000). A decision of a state court is contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases or reaches a conclusion opposite to that reached by the Supreme Court on a question of law. <u>Id.</u> A state court's decision is also contrary to clearly established federal law if the facts facing the state court are materially indistinguishable from

1  relevant Supreme Court precedent, but the state court arrives at
2  a result opposite to the Supreme Court's result. Id. A state
3  court's application of a correct governing standard which leads
4  to a result different from that which would have been reached by
5  the federal court considering the habeas petition is not
6  necessarily contrary to clearly established federal law. Id. at
7  406.

8      A state court's decision involves an unreasonable
9  application of federal law if it correctly identifies the
10 governing legal rule but applies it unreasonably to the facts of
11 a case. Williams v. Taylor, 529 U.S. at 407-408. An application
12 of law is unreasonable if it is objectively unreasonable; an
13 application of federal law that is incorrect or inaccurate is not
14 necessarily unreasonable. Id. at 410.

15     Title 28 U.S.C. § 2254(e)(1) provides that in a habeas
16 proceeding brought by a person in custody pursuant to a judgment
17 of a state court, a determination of a factual issue made by a
18 state court shall be presumed to be correct; the petitioner has
19 the burden of producing clear and convincing to rebut the
20 presumption of correctness. Not every finding of fact must be
21 expressly stated on the record; factual determinations may be
22 implied where it is clear in light of the applicable law that a
23 court's decision on relief included an implicit factual
24 determination. Weaver v. Palmateer, 455 F.3d 958, 964 (9th Cir.
25 2006).

26     V. Ineffective Assistance of Counsel
27         A. Legal Standards
28     The law governing claims concerning ineffective assistance

7

1  of counsel is clearly established for the purposes of the AEDPA

2  deference standard set forth in 28 U.S.C. § 2254(d). <u>Canales v.</u>

3  <u>Roe</u>, 151 F.3d 1226, 1229 n.2 (9th Cir. 1998).

4      To demonstrate ineffective assistance of counsel in

5  violation of the Sixth and Fourteenth Amendments, a convicted

6  defendant must show that 1) counsel's representation fell below

7  an objective standard of reasonableness under prevailing

8  professional norms in light of all the circumstances of the

9  particular case; and 2) unless prejudice is presumed, it is

10 reasonably probable that, but for counsel's errors, the result of

11 the proceeding would have been different. <u>Strickland v.</u>

12 <u>Washington</u>, 466 U.S. 668, 687-94 (1984); <u>Lowry v. Lewis</u>, 21 F.3d

13 344, 346 (9th Cir. 1994). A petitioner must identify the acts or

14 omissions of counsel that are alleged to have been deficient.

15 <u>Strickland</u>, 466 U.S. 690. This standard is the same standard that

16 is applied on direct appeal and in a motion for a new trial.

17 <u>Strickland</u>, 466 U.S. 697-98.

18     In determining whether counsel's conduct was deficient, a

19 court should consider the overall performance of counsel from the

20 perspective of counsel at the time of the representation.

21 <u>Strickland</u>, 466 U.S. at 689. There is a strong presumption that

22 counsel's conduct was adequate and within the exercise of

23 reasonable professional judgment and the wide range of reasonable

24 professional assistance. <u>Strickland</u>, 466 U.S. at 688-90.

25     In determining prejudice, a reasonable probability is a

26 probability sufficient to undermine confidence in the outcome of

27 the proceeding. <u>Strickland</u>, 466 U.S. at 694. In the context of a

28 trial, the question is thus whether there is a reasonable

8

1 probability that, absent the errors, the fact finder would have
2 had a reasonable doubt respecting guilt. <u>Strickland</u>, 466 U.S. at
3 695. This Court must consider the totality of the evidence before
4 the fact finder and determine whether the substandard
5 representation rendered the proceeding fundamentally unfair or
6 the results thereof unreliable. <u>Strickland</u>, 466 U.S. at 687, 696.

7     A court need not address the deficiency and prejudice
8 inquiries in any given order and need not address both components
9 if the petitioner makes an insufficient showing on one.
10 <u>Strickland</u>, 466 U.S. at 697.

11     Where the state court has applied the correct, clearly
12 established federal law to a claim concerning the ineffective
13 assistance of counsel, a federal district court analyzes the
14 claim under the "unreasonable application" clause of §
15 2254(d)(1), pursuant to which habeas relief is warranted where
16 the correct law was unreasonably applied to the facts. <u>Weighall
17 v. Middle</u>, 215 F.3d 1058, 1062-62 (2000) (citing <u>Williams v.
18 Taylor</u>, 529 U.S. 362 (2000)).

19       B. <u>The Last Reasoned Decision</u>

20     Where the California Supreme Court denies a claim in a
21 habeas petition or petition for review without citation or
22 comment, it is presumed to have denied the claim for the same
23 reasons stated in the last reasoned decision of a lower state
24 court; a federal district court will thus "look through" the
25 unexplained decision of the higher state court to the last
26 reasoned decision of a lower court as the relevant state-court
27 determination. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991);
28 <u>Taylor v. Maddox</u>, 366 F.3d 992, 998 n. 5 (9th Cir. 2004);

Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000).

Here, Plaintiff's claim was presented on direct appeal to the California Court of Appeal, Fifth Appellate District, and in its opinion, the court addressed Petitioner's contention on the merits and stated reasons for rejecting it and affirming the judgment of conviction. (LD 4, opn. in People v. Horn, case no. FO54886 filed January 6, 2009, pp. 2-6.) Thus, the intermediate state appellate court's opinion was the last reasoned decision.

The pertinent part of the opinion is as follows:

> Horn contends he was denied the effective assistance of counsel by his defense counsel's failure to move to exclude the evidence that he was a "wanted man" and had previously served jail time. He further contends this evidence prejudiced him with respect to the transportation of cocaine and possession of paraphernalia counts because it made the jury speculate what offense or offenses he committed that would cause the police to engage him in a vehicle pursuit. We will find that any error in admitting this evidence was harmless.

> "'"The burden of sustaining a charge of inadequate or ineffective representation is upon the defendant. The proof ... must be a demonstrable reality and not a speculative matter." [Citation.]' [Citation.] There is a presumption the challenged action '"might be considered sound trial strategy" 'under the circumstances. [Citations.] On a direct appeal a conviction will be reversed for ineffective assistance of counsel only when the record demonstrates there could have been no rational tactical purpose for counsel's challenged act or omission. (People v. Lucas (1995) 12 Cal.4th 415, 442 ... ['Reviewing courts reverse convictions on direct appeal on the ground of incompetence of counsel only if the record on appeal demonstrates there could be no rational tactical purpose for counsel's omissions."]; People v. Mitcham (1992) 1 Cal.4th 1027, 1058, ... ['"If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,'

[citation], the contention [that counsel provided ineffective assistance] must be rejected."'].)

"In considering a claim of ineffective assistance of counsel, it is not necessary to determine '"whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."' [Citation.] It is not sufficient to show the alleged errors may have had some conceivable effect on the trial's outcome; the defendant must demonstrate a 'reasonable probability' that absent the errors the result would have been different. [Citations.]" (People v. Mesa (2006) 144 Cal.App.4th 1000, 1007-1008.)

Here, the defense did not rebut Officer Mathews's testimony that Horn admitted the cocaine and pipe found in the center console belonged to him. Further, Horn's statement to Officer Mathews was corroborated by the analysis of his urine sample, which showed he was under the influence of cocaine when he was stopped, and Lewis's possession of a cocaine pipe which made it more likely that the one found in the console belonged to someone else, i.e., Horn.

In contrast, the only evidence presented by the defense to show that the cocaine and pipe found in the console did not belong to Horn was Lewis's testimony that these items belonged to him. However, Lewis's testimony was not persuasive because he did not claim ownership of the cocaine or the pipe found in the console the day Horn was arrested and he did not provide a satisfactory explanation for waiting until Horn's trial to claim this contraband was his. Additionally, Lewis's testimony that Horn got out of the car and walked up to his father's front door before Officer Mathews spoke with them was contradicted by Officer Mathews's testimony that he ordered both of them out of the car. The jury could also reasonably have found that Lewis was attempting to take responsibility for the cocaine and pipe found in the console to protect Horn because Horn was his nephew and that Lewis was biased against the police because he had several prior convictions for resisting arrest. Additionally, Lewis did not explain why he would carry two pipes and the defense did not explain why Horn would admit the cocaine and pipe found in the console belonged to him if they actually belonged to Lewis.

1          Moreover, "[t]ransporting a controlled substance
2    in violation of Health and Safety Code section 11352,
     subdivision (a) occurs when a person moves contraband
3    from one place to another. [Citation.]" (People v.
     Arndt (1999) 76 Cal.App.4th 387, 398.) Transportation
     does not require actual or constructive possession.
4    (People v. Eastman (1993) 13 Cal.App.4th 668, 677.)

5          Here, the jury could reasonably have inferred that
6    Horn's admission that the cocaine and pipe found in the
     console were his, at minimum, indicated that Horn was
7    aware of the presence of the cocaine found in his car.
     Thus, even if the jury believed Lewis's contention that
8    he left the cocaine in the center console, this would
     not have prevented them from convicting Horn on the
9    transportation of cocaine charge. Accordingly, in view
     of the strong evidence that Horn was guilty of
10   transportation of cocaine and possession of drug
     paraphernalia, we conclude it is not reasonably
11   probably Horn would have received a more favorable
     result even if the court had excluded evidence
12   of his past criminality. We also reject Horn's
     ineffective assistance of counsel claim.

13   (LD 4, opn. pp. 3-6.)

14          C. Analysis

15       Here, the appellate court's statement of facts in its

16   opinion on the merits of Plaintiff's claim has not been contested

17   by Plaintiff. This Court thus presumes that they are correct.

18       Although in some parts of its opinion the state court

19   incorrectly characterized Petitioner's contention as one

20   regarding erroneously admitted evidence (LD 4, op. pp. 2, 3), it

21   also identified it as a claim concerning the effective assistance

22   of counsel (LD 4, op. p. 3) and applied the correct legal

23   standard of prejudice that was stated in Strickland, namely, that

24   a defendant was required to demonstrate a reasonably probability

25   that absent the errors, the result would have been different. (LD

26   4, op. p. 4).

27       It must be determined whether the state court's decision

28   involved an objectively unreasonable application of federal law

                                    12

1  to the facts of Petitioner's case. <u>Williams v. Taylor</u>, 529 U.S.
2  at 407-408.

3      In the process of determining that Petitioner had not
4  demonstrated prejudice (op. pp. 5-6), the appellate court
5  considered the overall evidence and the inferences that were
6  possible. It noted Officer Matthews' unrebutted testimony that
7  Petitioner admitted that the cocaine and pipe found in the center
8  console belonged to him; the confirming, independent evidence of
9  the urine test indicating that Petitioner was under the influence
10 of cocaine at the time; and Lewis's possession of an additional
11 cocaine pipe, which made more likely an inference that the other
12 pipe found in the console belonged to Petitioner. (Op. p. 4.) It
13 noted the absence of any explanation of why Lewis would carry two
14 pipes and why Petitioner would admit ownership of the pipe and
15 drugs if they actually belonged to Lewis. (Op. pp. 4-5.)

16     The state court further reasoned that the only defense
17 evidence that someone other than Petitioner possessed or owned
18 the items found in the console was Lewis's testimony, which was
19 subject to an inference of bias due to Lewis's being Petitioner's
20 uncle and having suffered several prior convictions for resisting
21 arrest. (Op. p. 5.) Further, it explained that the failure of
22 Lewis to have claimed ownership of the cocaine or the pipe
23 earlier, and the absence of any explanation for that failure,
24 would deprive Lewis's testimony of persuasive force. It noted
25 that Lewis's testimony concerning the course of events was denied
26 by Officer Matthews, who further testified that he ordered both
27 Petitioner and Lewis out of the car. (<u>Id.</u>)

28     Finally, the appellate court addressed the transportation

1 charge separately, noting state law to the effect that it did not
2 require proof actual or constructive possession, but only that a
3 person moved contraband from one place to another. The court
4 noted the reasonableness of an inference that Petitioner's
5 admission of ownership of the pipe and cocaine indicated that
6 Petitioner was at least aware of the presence of cocaine in his
7 car and thus was subject to conviction for transportation. (Op.
8 p. 5.)

9      Petitioner cites to state law concerning the prejudicial
10 effect of evidence concerning a defendant's commission of other
11 offenses. However, this Court's task on habeas review is to apply
12 the pertinent federal standard, which in turn requires a
13 consideration of the evidence in the case to determine whether
14 the state court's application of the standard was objectively
15 reasonable. The state court reviewed the totality of the
16 evidence, assessed in an objectively reasonable manner the
17 inferences to be drawn therefrom by a trier of fact, and reached
18 an objectively reasonable conclusion concerning the probability
19 of a different result in the absence of the allegedly substandard
20 representation.

21      The Court thus concludes that the state court's application
22 of the Strickland standard to the facts was reasonable. Given the
23 strong evidence of Petitioner's guilt and the unpersuasive nature
24 of the defense evidence, it was not objectively unreasonable for
25 the state court to conclude that in light of the circumstances,
26 Petitioner had not demonstrated a reasonable probability that
27 absent the allegedly deficient representation, the jury would
28 have had a reasonable doubt as to guilt.

14

1    V. Certificate of Appealability

2    Unless a circuit justice or judge issues a certificate of

3    appealability, an appeal may not be taken to the court of appeals

4    from the final order in a habeas proceeding in which the

5    detention complained of arises out of process issued by a state

6    court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S.

7    322, 336 (2003). A certificate of appealability may issue only if

8    the applicant makes a substantial showing of the denial of a

9    constitutional right. § 2253(c)(2). Under this standard, a

10   petitioner must show that reasonable jurists could debate whether

11   the petition should have been resolved in a different manner or

12   that the issues presented were adequate to deserve encouragement

13   to proceed further. Miller-El v. Cockrell, 537 U.S. at 336

14   (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A

15   certificate should issue if the Petitioner shows that jurists of

16   reason would find it debatable whether the petition states a

17   valid claim of the denial of a constitutional right and that

18   jurists of reason would find it debatable whether the district

19   court was correct in any procedural ruling. Slack v. McDaniel,

20   529 U.S. 473, 483-84 (2000). In determining this issue, a court

21   conducts an overview of the claims in the habeas petition,

22   generally assesses their merits, and determines whether the

23   resolution was debatable among jurists of reason or wrong. Id. It

24   is necessary for an applicant to show more than an absence of

25   frivolity or the existence of mere good faith; however, it is not

26   necessary for an applicant to show that the appeal will succeed.

27   Id. at 338.

28   A district court must issue or deny a certificate of

15

appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.

VI. <u>Disposition</u>

Accordingly, it IS ORDERED that

1) The petition for writ of habeas corpus IS DENIED with prejudice; and

2) The Clerk IS DIRECTED to enter judgment for Respondent; and

3) The Court DECLINES TO ISSUE a certificate of appealability.

IT IS SO ORDERED.

**Dated:    April 21, 2010**              _____  **/s/ Sandra M. Snyder**_____
                    UNITED STATES MAGISTRATE JUDGE